NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE DELL INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 129

---

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware in case no. 11-CV-976, Judge Richard G. Andrews.

---

## ON PETITION

---

Before BRYSON, MOORE, and O'MALLEY, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

## ORDER

This is an unusual case involving whether a bar precluding an attorney from accessing confidential information on the ground that he is a "competitive decisionmaker" must be imputed to other members of his law firm. Petitioner Dell, Inc., defendant in this patent infringement action, seeks a writ of mandamus to direct the United States District Court for the District of Delaware to impose a protective order against the law firm of

IN RE DELL INC.                                                    2

Desmarais LLP. The plaintiff in the infringement action, Round Rock Research, LLC, which is owned and operated by the law firm's named partner John Desmarais, opposes the petition.

## I.

United States Patent Nos. 6,088,816, 6,145,098, 6,199,173, 6,243,838, 6,266,721, 6425006, 6,553,416, and 6,681,342, which have all been asserted against Dell in this case, were issued and assigned originally to Micron Technology, Inc. In late 2008, Micron's former legal counsel, Mr. Desmarais, established Round Rock and purchased from Micron the '816, '098, '173, '838, '721, '006, and '342 patents along with thousands of Micron's other patents.

In June 2011, Round Rock filed an action in the United States District Court for the Eastern District of Texas, charging Dell and another defendant with patent infringement. That suit was soon followed by this action against Dell in October 2011 in the United States District Court for the District of Delaware.

In both cases, Round Rock hired the Desmarais law firm as counsel. That law firm, which has four additional partners and approximately ten associates, provides legal services relating to licensing, litigation, and patent prosecution for Round Rock and other clients.

Soon after the actions were filed, the parties were directed to conduct initial discovery. Because Dell considered some of the materials to be highly confidential technical documents, it sought a protective order to prohibit both Mr. Desmarais and his entire law firm from accessing such materials.

The Texas court denied Dell's motion insofar as it would prohibit the entire law firm from accessing discovery materials. That court explained that, while Mr. Desmarais's status as owner and operator of Round Rock created an unacceptably high risk that his access to such documents would lead to inadvertent disclosure or use against Dell, Dell had provided no such basis to limit access with regard to other members of the law firm. The Texas court explained further that any potential risk of disclosure would be outweighed by the actual harm to Round Rock of not being represented by its counsel of choice.

Like the Texas court, the District of Delaware granted the protective order only as to Mr. Desmarais himself. The Delaware court concluded that "I don't think Dell is close to proving that any of the other [] Desmarais lawyers are competitive-decisionmakers for Round Rock." The court added that "[t]here is no evidence that they are unaware of their obligations of confidentiality, or that they perform any role other than that which outside counsel traditionally perform." Citing the Texas court's reasoning as additional grounds for rejecting Dell's request to bar the entire Desmarais law firm from accessing its confidential information, the Delaware court denied that portion of the motion.

This petition for a writ of mandamus followed.

## II.

In previous cases, this court has held that mandamus may be used to correct a denial of an order seeking to protect confidential and sensitive information. *See In re United States*, 669 F.3d 1333, 1336 (Fed. Cir. 2012); *In re Seagate Tech., LLC*, 497 F.3d 1360, 1367 (Fed. Cir. 2007) (en banc); *see also In re Deutsche Bank Trust Co. Ams.*,

IN RE DELL INC.                                                    4

605 F.3d 1373, 1377 (Fed. Cir. 2010). The standard for obtaining mandamus relief, however, is an exacting one, requiring the petitioner to establish that the district court's decision amounted to a clear abuse of discretion or judicial usurpation of power. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004).

Protective order provisions that disallow the use of designated confidential information beyond the scope of the litigation typically are sufficient to ensure protection of sensitive business information. *See In re Deutsche Bank*, 605 F.3d at 1378. In some limited circumstances, however, this court has recognized that, even in the presence of such protective measures, there are attorneys that should be barred from access to confidential information due to an unacceptable risk of or opportunity for inadvertent disclosure. *See id.*, 605 F.3d at 1378; *Matsushita Elec. Indus. Co., Ltd. v. United States*, 929 F.2d 1577, 1578-79 (Fed. Cir. 1991); *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984); *see also Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). That doctrine arose out of this court's decision in *U.S. Steel*, in which we acknowledged the risk of inadvertent disclosure by some attorneys who are involved in a client's "competitive decisionmaking," referring to "a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." 730 F.3d at 1468 n.3.

We need not decide the question of competitive decisionmaker status in the present case. Round Rock stipulated to treating Mr. Desmarais as such, and Mr. Desmarais will not represent Round Rock as either in-house or outside counsel in this case. Moreover, and more

importantly for our purposes, Dell does not challenge the district court's finding that the other attorneys from the Desmarias law firm were not competitive decisionmakers for Round Rock.

Instead, Dell argues that the bar against Mr. Desmarias must be imputed to his entire law firm. According to Dell, Mr. Desmarais's obligation to refrain from accessing confidential information create a concurrent conflict of interest under Rule 1.7(a)(2) of the Model Rules of Professional Conduct of the American Bar Association (Model Rules).[1] That Model Rule provides in relevant part that a concurrent conflict of interest exists if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to . . . a third person[.]" Dell further argues that any conflict of interest to Mr. Desmarais must be imputed to every member of his law firm under Model Rule 1.10, because there is a general presumption of shared confidences among attorneys associated in a firm.

Our prior cases dealing with competitive decisionmaking are of no help to Dell because we have repeatedly rejected denial of access on such general assumptions. In *U.S. Steel*, for example, we rejected the trial court's denial of access to information produced through discovery based solely on the assumption that an in-house counsel was more likely to disclose information, inadvertently or otherwise, based on the pressure to remain with his or her employer. *Id.* Likewise, in *Matsushita*, we held that a bar to confidential information cannot rest solely on the

---

[1] The District of Delaware applies the Model Rules "[s]ubject to modifications as may be required or permitted by federal statute, court rule, or decision" to all attorneys practicing before it in civil matters." D. Del. LR 83.6(d).

counsel's regular contact with corporate executives. 129 F.2d at 1580. The sort of categorical presumption that Dell relies on here by invoking the rule of imputation has the same problem as the trial courts' stated assumptions in *U.S. Steel* and *Matsushita*: the basis for barring access to discovery materials is not grounded in the actual "factual circumstances surrounding each individual counsel's activities, association, and relationship with a party." *U.S. Steel*, 730 F.2d at 1468.

Nor is Dell in a strong position to argue that the application of the Model Rules of professional responsibility under Delaware law warrant granting this extraordinary relief. On these facts, we do not see the application of Rule 1.7 or, consequently, the application of Rule 1.10. It is not as if Dell is seeking refuge in the Model Rules out of fear that its confidential information will be used adversely at trial, or to redress a breach of loyalty owed to it by counsel.[2] In conceding that the Desmarias law firm could continue to represent Round Rock without access to Dell confidential information, Dell appears to take issue more with its failure to show that others at the Desmarias law firm are competitive decisionmakers with respect to Dell than an application of the Model Rules. If there is any concern here as far as the Model Rules go, it is between Round Rock and Mr. Desmarais, who will not have access to Dell's confidential information and will not be participating in this case as counsel. Dell has cited no case establishing a general rule for barring an entire law firm from access to discovery materials under remotely similar circumstances, and we have found none.

---

[2] We do note that, while Mr. Desmarias has agreed to refrain from acting as counsel for Round Rock in this action, screening procedures are also appropriate to ensure that Mr. Desmarias does not have access to Dell confidential material.

Moreover, the question of what significance the Model Rules should play in a case like this is primarily a question for the trial court, not this court, to decide. *See generally United States v. Whittaker*, 268 F.3d 185, 193-94 (3d Cir. 2001). The application of the Model Rules that Dell endorses here is inconsistent with how some courts have generally interpreted them, recognizing instead the need to balance ethical concerns and the right to select counsel of choice. *See, e.g., United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980) (noting that courts should "disqualify an attorney only when it determines on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule."); *see also Federal Deposit Ins. Corp. v. United States Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995) ("such inflexible application of a professional rule is inappropriate because frequently it would abrogate important societal rights, such as the right of a party to his counsel of choice and an attorney's right to freely practice her profession."). The trial court judge is in a far better position to assess those factors than are we. The trial court balanced those factors against barring the entire law firm from accessing discovery materials here, and nothing presented to us on petition indicates that the district court's assessment is so clearly flawed as to justify granting mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

IN RE DELL INC.　　　　　　　　　　　　　　　　　　　　　　8

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s19